## Towzey, Phillips & Co. v. Miller.

*Fictitious names—Trade names—Practice, C. P.—Affidavit of defence— Acts of May 14, 1915, and June 28, 1917.*

Where plaintiffs concede in their statement of claim that the name under which they traded brought them within the Fictitious Names Act of June 28, 1917, P. L. 645, and averred that they had registered in accordance with the act, and this is not denied by the affidavit of defence, the matter of registration is not a fact in issue and cannot be raised by defendant on a motion for judgment *n. o. v.;* and this is the case although the admitted fact was not offered and read into the record.

Motion for new trial and for judgment for defendant *n. o. v.* C. P. Somerset Co., Sept. T., 1920, No. 221.

*Tillman K. Saylor* and *Joseph Levy*, for plaintiffs.

*C. L. Shaver*, for defendant.

BERKEY, P. J.—The plaintiffs, William H. Phillips and Frank Towzey, copartners, trading as Towzey, Phillips & Co., of the City of Johnstown, Cambria County, State of Pennsylvania, brought this action in *assumpsit* against Lemon Miller, the defendant, to recover on an alleged parol contract. The plaintiff filed its statement, and some time after filing of the same, before the filing of the affidavit of defence, amended its statement, setting forth "that at the time the cause of action arose the plaintiffs constituted a copartnership composed of William H. Phillips and Frank Towzey, trading under the name of Towzey, Phillips & Co.; that said copartnership still exists without change; that said copartnership has been duly registered as required by law." With the record in this condition, the defendant filed an affidavit of

VOL. 2—20

defence denying the alleged parol contract. Thereupon the case was tried, resulting in a verdict for the plaintiff. Whereupon the defendant filed a motion for judgment *non obstante veredicto* upon the whole record, based upon a point submitted at the trial for binding instructions, which was negatived by the court. The defendant's brief in support of this motion sets out specifically the following reasons in support of the motion, to wit:

"*(a)* That the plaintiffs failed to prove a substantial allegation contained in their statement, to wit, the date and fact of their registration under the Fictitious Names Act of June 28, 1917, P. L. 645.

"*(b)* That there was no contractual relation existing between the plaintiffs and the defendant, such as is essential in an action of *assumpsit.*"

And in support of the motion for a new trial urged that the verdict was against the weight of the evidence in the case, against the charge of the court, and the court erred in refusing to affirm the first point for charge submitted by the defendant, which was for binding instructions.

The plaintiff was doing business under the trade name Towzey, Phillips & Co. The style or designation under which it was doing business comes within the provisions of the Act of June 28, 1917, P. L. 645: Moyer *v.* Kennedy, 76 Pa. Superior Ct. 524.

The question raised by this record is, under the pleadings, was the plaintiff required to prove registration under the Fictitious Names Act in order to entitle it to recovery? The issue is always determined by the pleadings. The plaintiff, by the amendment to its statement, concedes that the name under which it was doing business at the time the cause of action arose brought it within the provisions of the Fictitious Names Act, and that it had registered in accordance therewith.

The defendant in his affidavit of defence made no denial of the allegation by the plaintiff in its statement that it had complied with the provisions of the Fictitious Names Act, wherefore the case was in such condition that the fact of registration was admitted by the defendant. The record, however, discloses that this admitted fact was not offered and read into the record, wherefore there is no proof in the case of the fact, but we think that is immaterial. The matter of registration under the Act of June 28, 1917, was not a fact in issue and cannot be raised by the defendant in this proceeding, for section 16 of the Practice Act of May 14, 1915, P. L. 483, reads: "Neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence or plaintiff's reply." Wherefore, this contention on part of the defendant must be overruled.

It appears, therefore, that, under the pleadings, the plaintiff was enabled to make out his case without the aid of proof of having complied with the Fictitious Names Act: Fowler *v.* Scully, 72 Pa. 456-468. The motion for judgment, for these reasons, must be overruled.

I have read all the testimony in the case and find no merit in the reasons set up for a new trial, which is accordingly overruled.

Now, Jan. 5, 1922, the motion for a new trial is overruled and rule discharged.

And now, Jan. 5, 1922, the motion for judgment *n. o. v.* upon the whole record is hereby overruled and rule dismissed, with direction to the prothonotary to enter judgment in favor of William H. Phillips and Frank Towzey, copartners, trading as Towzey, Phillips & Co., plaintiff, and against Lemon Miller, defendant, for the amount of the verdict, interest thereon and costs, upon payment of the jury fee by the plaintiff.

From Mrs. Daryle R. Heckman, Somerset, Pa.